## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

      v.                                    Case No. 24-cv-154-SM-AJ

Stuart Chase, in his official
and individual capacities;
Wolfeboro Police Department;
Daniel Mullen; Ransmeier &
Spellman; and Joseph Laplante,
in his individual status

### REPORT AND RECOMMENDATION

Plaintiff Josephine Amatucci, proceeding pro se and in forma pauperis, has filed a complaint (Doc. no. 1/#9093, #9094[1]) alleging that the defendants have violated her federal constitutional rights.  The complaint is before the undersigned Magistrate Judge for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2).  Also before the Court for a recommendation as to disposition is Mrs. Amatucci's motion to amend the complaint "with regards to the actual defendants in this case" (Doc. No. 4/#9100).

---

[1] As a courtesy to Mrs. Amatucci, the Court includes the four-digit number she has given to her filings along with the docket number the Court has assigned to her filings.  She has identified the Complaint (Doc. No. 1) as both #9093 and #9094.

**<u>Preliminary Review Standard</u>**

The court conducts a preliminary review of complaints filed by pro se litigants proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  In considering whether a pro se complaint states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  The court then determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).

**<u>Discussion</u>**

The complaint in this matter arises out of the events underlying two cases previously litigated in this Court, and the litigation of those cases: Amatucci v. O'Brien, No. 15-cv-356-JL (D.N.H.) ("Case 15-356") and Amatucci v. O'Brien, No. 17-cv-237-JL (D.N.H.) ("Case 17-237").  In Cases 15-356 and 17-237, Mrs. Amatucci asserted claims against the Town of Wolfeboro ("Town"), former Wolfeboro Police Department ("WPD") Chief Stuart Chase, and other defendants, alleging that they violated her rights by

engaging in certain conduct relating to her arrest after a traffic stop on May 7, 2014 and the criminal proceedings that followed.  Attorney Daniel Mullen of the law firm, Ransmeier & Spellman PC ("Ransmeier"), appeared on behalf of the defendants in both cases.  United States District Judge Joseph Laplante presided over both Cases 15-356 and 17-237.

In another case Mrs. Amatucci filed in this Court, Amatucci v. Mullen, No. 21-cv-237-LM (D.N.H.) ("Case 21-237"), Mrs. Amatucci asserted the same claims against Attorney Mullen, Judge Laplante, and Ransmeier as she asserts here.  The Court dismissed Case 21-237 on the grounds of failure to state a claim under 42 U.S.C. § 1983 against Attorney Mullen and Ransmeier, and because the claims against Judge Laplante were barred by absolute judicial immunity.  See Case 21-237 (Aug. 18, 2022 Order (ECF No. 30) (approving July 1, 2022 R&R (ECF No. 25))).

On October 19, 2022, shortly after Case 21-237 was dismissed, Mrs. Amatucci filed another lawsuit in this Court, Amatucci v. Mullen, No. 22-cv-547-LM-AJ (D.N.H.) ("Case 22-547"), naming the same defendants named here,[2] and asserting the

---

[2] The only difference in the defendants named in this case and those named in Case 22-547 is that in this case she named the WPD as a defendant, and in Case 22-547, she named the Town as a defendant.  With regard to claims asserted under § 1983, "a municipal police department is not a separate legal entity subject to suit," as a "municipal police department lacks the capacity to be sued" separately from the municipality. Farrington v. Fairfield Police Dep't, No. 1:23-cv-00362-LEW,

same claims arising out of the same events as are asserted here, including the litigation of Cases 15-356, 17-237, and 21-237. On August 24, 2023, the District Judge dismissed Case 22-547 on the basis that the claims therein were barred by res judicata. See Case 22-547 (Aug. 24, 2023 Order (ECF No. 21) (approving Aug. 8, 2023 R&R (ECF No. 16))).  Mrs. Amatucci did not appeal the dismissal of Case 22-547, and her seven post-judgment filings (Doc. Nos. 23-27, 29, 30) seeking relief from the dismissal of that case were denied.  See id., Sept. 19, 2023 Order; Oct. 6, 2023 Order; Oct. 26, 2023 Order; Apr. 2, 2024 Order.

For the same reasons the Court dismissed Case 22-547, and as fully explained in the August 8, 2022 Report and Recommendation issued in that case, the claims asserted in this action are barred by res judicata.  Accordingly, the District Judge should dismiss this case in its entirety.

## Conclusion

For the foregoing reasons, the District Judge should: (1) dismiss this action in its entirety, with prejudice; and (2) deny Mrs. Amatucci's motion to amend (Doc. No. 4) as futile.

---

2024 U.S. Dist. LEXIS 89800, at *8 n.2, 2024 WL 2272266, at *3 n.2 (D. Me. May 20, 2024) (citing Dwan v. City of Boston, 329 F.3d 275, 278 n.1 (1st Cir. 2003)).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.

Failure to file any objection within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).  Only those issues raised in the objection(s) to this Report and Recommendation "'are subject to review in the district court.'"  Id.  Additionally, any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 11, 2024

cc:  Josephine Amatucci, pro se