FILED - USDC -NH
2024 JUN 24 AM 10:10

9116

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.

Chase, individually, the " TOWN OF WOLFEBORO"
OFFICIALLY, (under Monell) Daniel Mullen, individually,
and Ransmeier & Spellman OFFICIALLY and Joseph
Laplante in his INDIVIDUAL STATUS            Case 1:24-cv-00154=SM-AJ

RESPONSE TO MAGISTRATE ANDREA JOHNSTONE'S

CONTINUOUS DENIAL OF THE PLAINTIFF'S

VIOLATION OF HER CIVIL RIGHTS BY THE DEFENDANTS

WHEN SHE WAS PROSECUTED FOR SPEEDING, WHEN

SPEEDING IS NOT A CRIME IN NEW HAMPSHIRE,

IN VIOLATION OF DUE PROCESS

1.      Hellooooo..... Please not this case is against the TOWN TOWN TOWN OF WOLFEBORO honey, not the Police Department. And RANSMEIER in their OFFICIAL STATUS. Make this CORRECTion.  Also, as fraudulently stated Ms. Magistrate Laplante does NOT HAVE IMMUNITY, as he was always sued under his INDIVIDUAL STATUS, not as a judge. Which give him NO IMMUNITY under a vioaltion of the Plaintiff's Federal Constitution.

2.      There's nothing to appeal in this case, because the Plaintiff's unlawful prosecution

1

for speeding, without probable cause, was never adjudicated, never ruled on, on its merits, by the Court. Because you see, the Magistrate will NEVER..... RULE OR LITIGATE OR DECIDE ....... VIOLATIONS OF THE FEDERAL CONSTITUTION, or she wouldn't be able to do her job, which is to throw all cases by pro-se litigants under a bridge.

3.  This case is based on violation's of the Plaintiff's civil rights, on the LAW OF THE LAND, of the FEDERAL CONSTITUTION, of the violations of the Fourth and Fourteenth, and Sixth Amendments. Of claims that were never addressed, adjudicated or ruled on by the Court, nor on the merits. Therefore there is no Res judicata.

4.  The court based this case on the right to Chase ......'STOP'..... the Plaintiff's car. This is not the issue or Complaint in this case, the Complaint is the unlawful PROSECUTION FOR SPEEDING, against the Plaintiff by Chase, when speeding is NOT A CRIME IN NH. The Plaintiff's Complaint in this case is about the violation of the Sixth Amendment . of Due Process, and of the violation of the Fourth and Fourteeth Amendment. When at the trial the Judge found the Plaintiff ..... NOT GUILTY OF SPEEDING, and the judge also stated that according to evidence before him, the Plaintiff was NEVER SPEEDING, but that her pursuit by the police was to stop her before she reached the Sheriff's office where the police knew she was going to complain about the police. That the ruling judge therefore, found the Plaintiff.... NOT GUILTY.... of speeding which gives the Plaintiff the legal right to damages for the unalwful prosecution for speeding. A right that no ruling, no opinion, no denial by the Court can OVERRIDE her civil righs. Or they will be TRESPASSORS OF THE LAW.

5.  The OPINION is of this Magistrate, her fraudulent ruling in this case, her Report and Recommendation does not/cannot OVERRIDE the evidence of a violation of the Federal Constitution by the defendants. .

6.      Therefore the Report and Recommendation is VOID OF NO LEGAL FORCE.   When the Magistrate VIOLATES DUE PROCESS OF THE LAW she is not entitled to a valid adjudication.  When her judgment is in violation of the constitutional guarantees.

7.      A void judgment is not entitled to the respect accorded to a valid adjudication, but may be entirely disregarded.   It has no legal or binding force ....it is not entitled to enforcement.  The Report and Recommendation therefore is INVALID.  30A Am Jur Judgments  44, 45  See case of Hanson v. Denckia .

8.      That the Plaintiff's Complaint, the facts, the law, and the evidence, reveals that Chase  prosecuted  the Plaintiff for a speeding  violation,  when speeding is not a crime in New  Hampshire.  When she was found NOT GUILTY by the trial court judge.

9.       Also evidence in the case will show that  Chase went inside the Plaintiff's  car WITHOUT A WARRANT,  WITHOUT A WARRANT  and he stole the evidence she had against police officer  Dean Rondeau.  And that nstead of following proceure, of  having her and the car taken to the police station,  for processsing,  he put her in JAIL, So that he could go inside her car and steal the evidence she had against Rondeau.   And then  had her car TOWED. He stole evidence of police officer Rondeau falsely  accusing the Plaintiff  of a serious traffic violation that she could prove she never committed.  Where her  evidence proved that  she was not in wolfeboro at the time Rondeau stated she was  driving erratically at the State Park in Wofeboro,  but that the Plaintiff was in Massachusetts at te time,  and had a deposit slip of a deposit she made in a bank in Massachusetts at the same time she was suppose to be driving erratically in Wolfeboro according to Rondeau.

10.       When the Plaintiff filed a Complaint against Chase the Attorney General's  Office was contacted   and  a Mr. Dick Tracey was sent to Wolfeboro to a  attend a hearing that was held  by the police commissioners regarding the event that occurred in the police

3

station when the Plaintiff went inside the Police Station to complain about Rondeau's actions to the Police Chief Chase, and when instead of protecting her, Chase got angry and threatened her, and with his finger in her face, he stated, "if you accuse my men of misconduct I will get you and arrest you on the spot. Which he did.

11.    After reviewing the video of what occurred in the police station, Mr. Tracey called my son on the phone, and told my son:

"Tell your mother that if she doesn't stop accusing Chase I will have HER LICENSE TO DRIVE REVOKED."


WHEREFORE:  The evidence presented in this case will prove beyond any doubt that the Plaintiff's Fourth, Fourteenth, and Sixth Amendments were violated, under the LAW OF THE LAND, which overrules any decision, ruling, or bias judgments of the Court, or any state or local procedurs, therefore, this court is MANDATED under the law to allow the Plaihtiff without further delay, a jury trial of her peers for damages as allowed under 1983 and under a Monell claim, where under Monell, the TOWN is liabile for the actions of Chase     and the prosecutor , both policymaking individuals, for the unlawful prosecution for speeding, and as determined by the Court in the case of  Pembaur v. City of Cincinnati, the town is liable even if such an Act occurred just once.

Respectfully,

Josephine Amatucci

c. Town of Wolfeboro

June 20, 2024

*Josephine Amatucci* (signature)

FIRST CLASS

United States District Court
District of New Hampshire
Office of the Clerk
55 Pleasant St.
Room 110
Concord, N.H. 03301

B/c
6/22